```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


SYDIAH BAGLEY,                      :
        Petitioner,                 :
                                    :              PRISONER
    v.                              :   CASE NO. 3:11-cv-1675 (WWE)
                                    :
MAUREEN BAIRD and                   :
BUREAU OF PRISONS,                  :
        Respondents.                :
```

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS [Doc. #1]**

Petitioner Sydiah Bagley, an inmate confined at the Federal Correctional Institution in Danbury, Connecticut, brings this petition pursuant to 28 U.S.C. § 2241 challenging the denial of early release for completion of the residential drug abuse treatment program.  The respondents contend that the petitioner is not entitled to early release.  For the reasons that follow, the petition will be denied.

**I.   Background**

In February 2007, the petitioner entered a guilty plea in the United States District Court for the Eastern District of Pennsylvania on charges of conspiracy to interfere with interstate commerce, interference with interstate commerce by robbery and carrying or using a firearm during a crime of violence.  She was sentenced to a term of imprisonment of 120 months.

While incarcerated at FCI Danbury, the petitioner sought participation in the Residential Drug Abuse Program ("RDAP").

Inmates who complete the RDAP may be eligible for early release. In March 2011, the Bureau of Prisons ("BOP") determined that the petitioner was not eligible for early release upon completion of the RDAP because she previously had been convicted of a crime of violence.

**II. Discussion**

The petitioner challenges a correctional decision regarding a prison program. Thus, she properly brings her petition pursuant to section 2241. *See Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). The petitioner argues that she was improperly denied a one-year sentence reduction for completion of the RDAP. She contends that the BOP failed to set forth a valid rationale for categorically excluding section 924(c) offenses, *i.e.*, carrying and using a firearm during a crime of violence, from eligibility for early release.

Habeas relief is warranted when a prisoner is held in custody in violation of the United States Constitution or federal laws or treaties. *See* 28 U.S.C. § 2241(c)(3). The petitioner has identified no constitutionally protected or federally mandated right to early release. The federal statute creating the RDAP provides that early release is discretionary. *See* 18 U.S.C. § 3621(e)(2)(B) (providing that term of imprisonment of inmate convicted of nonviolent offense "may be reduced" by period of up to one year after successful completion of RDAP). Thus,

completion of the RDAP does not automatically entitle the petitioner to early release.  *See Lopez v. Davis*, 531 U.S. 230, 241 (2001) (upon completion of the RDAP, the BOP "has the authority, but not the duty, to authorize a reduction in the inmate's term of imprisonment").  The petitioner has not shown that the denial of early release violated a constitutionally or federally protected right.  Thus, the petition should be denied.

The petitioner also contends that the denial of early release violates the Administrative Procedures Act.  Under 5 U.S.C. § 706(2)(A), a reviewing court must hold unlawful and set aside any agency action found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.  This review, however, is narrow in scope.  The court should not substitute its judgement for that of the agency.  The court should uphold agency action if the agency has examined the relevant data and has either set forth a satisfactory explanation including a rational connection between the facts found and the choice made or such connection may reasonably be discerned.  *See Karpova v. Snow*, 497 F.3d 262, 267-68 (2d Cir. 2007) (citing *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)), *cert. denied*, 553 U.S. 1054 (2008).

The early release qualifications for the RDAP are set forth in BOP Directive 5331.02, entitled Early Release Procedures Under

18 U.S.C. § 3621(e).  *See* www.bop.gov/DataSource/execute/dsPolicyLoc.  To be eligible for early release, an inmate must not have a prior conviction for a crime of violence.  *Id.* at 3-4, § 5(5)(i); *see also* 28 C.F.R. § 550.55(b)(5).  The petitioner participated in two armed robberies.  During both robberies, she brandished a gun and held individuals at gunpoint.  Doc. #6, Ex. 1, ¶ 14.  The BOP denied early release to the petitioner under this categorical exclusion; her convictions for robbery and use of a firearm rendered her ineligible for early release consideration.  *See* Doc. #6, Ex. 1-B.

In support of the rule, the BOP set forth a detailed rationale for excluding persons convicted of a crime of violence from eligibility for early release.  Based on its correctional experience, the BOP determined that in committing offenses listed in section 550.55(b)(5), "inmates displayed a readiness to endanger another's life.... There is a significant potential for violence from criminals who carry, possess or use firearms."  74 Fed. Reg. 1892-01 at 1895 (Jan. 14, 2009).

In making this determination, the BOP reasonably exercised its discretion under 28 C.F.R. § 550.55.  The Supreme Court has approved the BOP's interpretation of the regulation and directive.  In *Lopez v. Davis*, the Supreme Court upheld the constitutionality of 28 C.F.R. § 550.55 and the BOP's practice of

4

categorically excluding inmates from eligibility for early release based on their pre-conviction conduct.  530 U.S. at 244. *See also Virgil v. Zickefoose*, No. 3:09cv148(JBA), 2010 WL 1553782, at *4 (D. Conn. Apr. 19, 2010) (holding that the BOP provided satisfactory rationale for actions in implementing the 2009 rule and did not act arbitrarily or capriciously).  This court concludes that the denial of the petitioner's request for early release did not violate the Administrative Procedures Act.  The petition should be denied on this ground as well.

### III. Conclusion

The petition for writ of habeas corpus [**Doc. #1**] is **DENIED**. The Clerk is directed to enter judgment and close this case.

The court concludes that the petitioner has not shown that she was denied a constitutionally or federally protected right. Thus, any appeal from this order would not be taken in good faith and a certificate of appealability will not issue.

**SO ORDERED** this 9th day of May 2012 at Bridgeport, Connecticut.

```
            /s/
         _____
         Warren W. Eginton
         Senior United States District Judge
```